IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03406-GPG

ELMER L. CROSS, JR.,

    Plaintiff,

v.

SHERIFF'S DEPUTY J. JACKMAN,
SHERIFF'S DEPUTY PADILLA,
SHERIFF'S DEPUTY FRANKS,
UNNAMED AFRICAN AMERICAN SARGENT (works overnight shift in medical), and
CAT METZGER, Patient advocate Denver Health Hospital),

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Elmer L. Cross, Jr., currently resides in Denver, Colorado. When he initiated this action on December 17, 2014 by submitting *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, he was an inmate incarcerated at the Denver County Jail.

    On December 22, 2014, Magistrate Judge Gordon P. Gallagher entered an order directing Mr. Cross to submit on the court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his prison trust fund statement for the six-month period immediately preceding the filing of the Complaint. After being granted an extension of time and filing numerous documents that did not comply with the December 22 Order, Plaintiff filed, on January 27, 2015, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915

(ECF No. 18), but stated that prison officials would not provide him with a certified copy of his account statement. Shortly thereafter, Mr. Cross notified the Court that he was released from custody on January 26, 2015, and currently resides at St. Francis Center, 2323 Curtis Street, Denver, Colorado 80205. Although Mr. Cross is no longer a prisoner, the Court will not require him to submit on the court-approved form an Application to Proceed in District Court Without Prepaying Fees or Costs, the *in forma pauperis* form to be used by nonprisoners. Instead, the Court grants the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 18) filed on January 27, 2015 based on an inability to prepay fees or give security therefor.

The Court must construe the Complaint liberally because Mr. Cross is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* at 327. For the reasons stated below,

the Complaint and the action will be dismissed as frivolous.

In the Complaint, Mr. Cross asserts that "[f]or 7 years some unknown Federal Agency has been lacing/poisoning me with genetically modified chemicles [sic] designed to give me migraine headaches, make my skin burn, and recently to make both my arms, hands, and wrists go numb." (*See* ECF No. 1 at 3). He further asserts that "[a]ll defendants in this complaint have willingly laced/poisoned me and or my property" and "willingly participated in deliberate aggitation/stress tactics as part of the Feds/police's evil campaign of mass, widespread subversion planted against me and are escalating in poisoning and in deliberatly [sic] instigating and encouraging inmates to harass and aggitate [sic[ me 24/7." (*Id.*) He then asserts the following two claims: (1) "willfull [sic], intentional aggravated attempted murder in 1st degree by lacing and poisoning/instigating inmates against me" against Defendant Jackman; and (2) "aggravated attempted murder in the 1st degree by lacing/poisoning and cruel and unusual punishment and complicity in cover-up" against Defendants Padilla, Metzger, Franks, and Unnamed African American Sargent. (*Id.* at 4-7). In support of claim one, Mr. Cross alleges that Defendant Jackman and Officer Decker "start 'whistling' in front of my cell in order to signal inmates that it's o.k. for them to start to do the same." (*Id.* at 4-5). He also alleges that Defendant Jackman and Officer Jackman are "directly involved and complicite [sic] in lacing/poisoning this unit (grievance forms, requests, toothbrushes, toothpaste, etc.)." (*Id.* at 5). In support of claim two, Mr. Cross asserts that Defendant Padilla delivers Mr. Cross' poisoned legal mail and that he "believes that his letters to private attorneys are being intercepted/tampered with." (*Id.* at 6). He further alleges that Defendant Metzger also has laced her correspondence with him. (*Id.*

at 6-7). He finally asserts that Defendants Unnamed African American Sargent and Franks confiscated and reviewed court orders from Mr. Cross' cases. (*Id.* at 7). He seeks money damages and "the firing, resignations, arrests, prosecutions, jailing/prison of all defendants." (*Id.* at 8).

This is the tenth lawsuit Mr. Cross has filed in this Court concerning his belief that he is being poisoned by prison officials who allegedly are acting at the direction of an "unknown/unnamed Federal Agency." *See Cross v. City of Denver, et al.,* 14-cv-02793-LTB (D. Colo. Oct. 10, 2014) (dismissed with prejudice as frivolous); *Cross v. Dr. Crum, et al.,* No. 14-cv-02805-LTB (D. Colo. Oct. 14, 2014) (dismissed for failure to comply with Court order to file an amended complaint and for failure to prosecute); *Cross v. City of Denver, et al.,* 14-cv-02872-LTB (D. Colo. Oct. 21, 2014) (dismissed for failure to comply with Court order to show cause why the action should not be dismissed as repetitive of No. 14-cv-02793-LTB); *Cross v. Aramark Corp., et al.,* 14-cv-02902-GPG (D. Colo. Oct. 24, 2014) (currently pending); *Cross v. Sargent Koch, et al.,* No. 14-cv-02923-LTB (D. Colo. Oct. 28, 2014) (dismissed with prejudice as frivolous); *Cross v. Sheriff's Deputy Leyba, et al.,* No. 14-cv-02948-LTB (D. Colo. Oct. 30, 2014) (dismissed with prejudice as frivolous); *Cross v. Sheriff's Deputy Leyshon, et al.,* No. 14-cv-03274-LTB (D. Colo. Dec. 2, 2014) (dismissed with prejudice as frivolous); *Cross v. Dr. Sachs, et al.,* No. 14-cv-3275-LTB (D. Colo. Dec. 2, 2014) (dismissed with prejudice as frivolous); *Cross v. Sheriff's Deputy Decker, et al.,* No. 14-cv-03391-LTB (D. Colo. Dec. 16, 2014) (dismissed with prejudice as frivolous). Plaintiff persists in bringing multiple lawsuits arising out of the same set of circumstances. While Plaintiff's claims have to some extent evolved with each new lawsuit, his cases all stem from the underlying

belief that he is the target of a seven-year campaign of "poisoning" and "harassment / aggitation / defaming / isolating and ostracizing."

After reviewing the Complaint in the instant action, the Court finds that this case is duplicative of the other cases Mr. Cross has filed because the claims, parties, and available relief do not significantly differ between the two actions.  *See Park v. TD Ameritrade Trust Co., Inc.,,* 461 Fed. App'x. 753, 755 (10th Cir. Feb. 14, 2012).  However, the Complaint and action will not be dismissed for that reason.

The Court further finds that Plaintiff's allegations do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and are vague, conclusory, and rambling.  At best, the Complaint is a verbose diatribe that makes little sense, fails to articulate the specific claims Mr. Cross is asserting, and fails to allege what each Defendant did that allegedly violated his rights.  Thus, even construing the Complaint liberally, Mr. Cross fails to provide a short and plain statement of any cognizable § 1983 claim that demonstrates he is entitled to relief in this action.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court

need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110. Because Mr. Cross fails to provide a clear and concise statement of the claims he is asserting, the Court finds that the Complaint fails to comply with Rule 8.

Moreover, the Court finds that the claims are factually frivolous. A claim is factually frivolous if it depicts "fantastic or delusional scenarios," *Neitzke,* 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court finds that Plaintiff's claims rest on "fantastic or delusional scenarios" whose factual contentions "rise to the level of the irrational or the wholly incredible." *See Neitzke*, 490 U.S. at 327-28; *Denton,* 504 U.S. at 33. Thus, the claims are baseless and Mr. Cross is not entitled to relief in this action. The Complaint and the action will be dismissed as frivolous under § 1915(e)(2)(B).

The Court also warns Mr. Cross for a sixth time that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d at 352).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an

      action; and the litigant receives notice and an opportunity to oppose the
      court's order before it is implemented.

*Andrews*, 483 F.3d at 1077.

      If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may . . . impose an appropriate sanction" upon that party. *See* Fed. R. Civ. P. 11(c). Rule 11 serves several purposes, including, but not limited to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp. 1989)). Deterrence is the primary goal of a sanction. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

      The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting

further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353-54. Mr. Cross has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Cross files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and the action are dismissed as frivolous under § 1915(e)(2)(B). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 18) is granted. It is

FURTHER ORDERED that all other pending motions are denied as moot.

DATED at Denver, Colorado, this  4th  day of      March         , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court